**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARLOS SERNA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 26-cv-5691 |
| v. | ) | |
| | ) | Judge April M. Perry |
| JAILER, in his or her official capacity as | ) | |
| Jailer of the Broadview Detention Facility, | ) | |
| Broadview, IL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**

Carlos Serna ("Petitioner") brings this habeas corpus action under 28 U.S.C. § 2241 challenging his placement in expedited removal proceedings. Doc. 1. Specifically, Petitioner alleges that by subjecting him to expedited removal after he was paroled, Respondents violated his Fifth Amendment due process rights and the Administrative Procedure Act ("APA"). *Id.* ¶¶ 46-56. Respondents argue the petition must be dismissed, among other reasons, because the Court does not have jurisdiction over this action pursuant to 8 U.S.C. § 1252(g). Doc. 13. For the following reasons, the Court agrees with Respondent. The petition is therefore dismissed for want of subject-matter jurisdiction.

**BACKGROUND**

Petitioner, a citizen of Colombia, was apprehended on July 1, 2022 while attempting to enter the United States. Doc. 1 ¶ 1. Petitioner was placed into expedited removal proceedings and paroled for an initial term of one year pending final adjudication of his case. Doc. 1-1 at 2-3; *see* Doc. 13-1. Petitioner then applied for asylum. Doc. 1-4 at 2. That application was denied due to the ongoing removal process. *See* Doc. 1-5 at 5. On September 17, 2025, Petitioner was

ordered to appear for a credible fear interview ("CFI") in October 2025. Doc. 1-3 at 2. However, he refused to attend the CFI interview. Doc. 1 ¶ 5.

At some point, Petitioner married a United States citizen and applied to adjust his immigration status. *Id*. ¶¶ 1, 27. On March 11, 2026, Petitioner, his wife, and his attorney attended an appointment with immigration officials purportedly to examine the *bona fides* of his marriage. *Id.* ¶ 2. While there, officers with the Department of Homeland Security ("DHS") "insisted Petitioner appear for a CFI, claiming that a[] [Notice and Order of Expedited Removal] had been properly issued …upon his initial entry." *Id.* Petitioner received two additional orders to attend a CFI, with which he did not comply. *See id.* ¶ 5; Doc. 1-6 at 2; Doc. 1-9 at 5.

**ANALYSIS**

Petitioner requests that the Court "issue a writ of habeas corpus declaring that [he] is not lawfully subject to expedited removal," enjoin Respondents from removing him pursuant to any expedited removal order, and direct DHS to instead initiate non-expedited removal proceedings under Immigration and Nationality Act § 240. *See* Doc. 1 at 21-22. However, "[f]ederal courts are courts of limited jurisdiction[.]" *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In order to hear and rule on the merits of a case, a federal court must have subject matter jurisdiction over the issues before it. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); s*ee Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

Generally, federal courts have subject-matter jurisdiction to review the lawfulness of a petitioner's detention, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), and "grant writs of habeas corpus within their respective jurisdictions." *Agofsky v. Baysore*, 160 F.4th 857, 859 (7th

2

Cir. 2025) (internal quotations omitted). But this jurisdiction does not extend to the review of discretionary decisions and actions of the Attorney General. *See Champion v. Holder*, 626 F.3d 952, 956 (7th Cir. 2010). Specifically, except for limited exceptions, courts do not have jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *See* 8 U.S.C. § 1252(g). The only exceptions to this rule for the purposes of a habeas corpus proceeding are that courts can review determinations of whether a petitioner: (1) is an alien; (2) was ordered removed under 8 U.S.C. § 1225(b)(1); or (3) is lawfully admitted for permanent residence, admitted as a refugee, or granted asylum. *See* 8 U.S.C. § 1252(e)(2)

Here, Petitioner is challenging the Attorney General's decision to commence expedited removal proceedings against him. Therefore, this Court does not have jurisdiction over the case regardless of whether it is brought under 28 U.S.C. § 2241, *Chowdhury v. Ashcroft*, 241 F.3d 848, 851 (7th Cir. 2001), or as an APA claim.[1] *See Chapinski v. Ziglar*, 278 F.3d 718, 720-22 (7th Cir. 2002) (applying Section 1252(g) to a class action suit under the Declaratory Judgment Act and APA). Petitioner argues that he is not asking the Court to "second-guess a discretionary commencement decision," but instead to determine whether the government has the legal authority to initiate expedited removal proceedings against him. *See* Doc. 12 at 4-9. The Seventh Circuit has squarely rejected this type of argument, noting that "the distinction between DHS's

---

[1] In addition to the jurisdictional issues with Petitioner's APA claim, such claims generally should be brought in a separate lawsuit rather than as part of a habeas corpus petition. *See, e.g.*, *Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1048 (7th Cir. 2000) (finding petitioner's argument that the Attorney General violated the APA to be "not appropriate under § 2241"); *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (highlighting the differences between requests for habeas corpus and "general civil litigation"); *Cf. Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (vacating TRO granted in APA case because the claims should have been brought in a habeas action).

discretionary decisions and its legal authority" to make those decisions is "illusory." *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) (internal quotations omitted). "Section 1252(g) precludes judicial review of 'any' challenge to 'the decision or action by DHS to [commence proceedings, adjudicate cases, or] execute removal orders.' That includes challenges to DHS's 'legal authority' to do so. Otherwise, § 1252(g) would be a paper tiger" and any petitioner challenging discretionary actions under Section 1252(g) could "characterize his or her claim as an attack on DHS's 'legal authority'" to do so and thereby avoid § 1252(g)'s bar. *Id.*

In this case, Petitioner asks the Court to vacate any pending expedited removal order, enjoin Respondents from bringing any such order in the future, and direct DHS to initiate a different type of removal proceeding, *see* Doc. 1 at 22, all of which fall squarely within discretionary actions excluded from judicial review under Section 1252(g). Petitioner cannot avoid this fact by framing his claims differently. Moreover, even if the Court had jurisdiction to adjudicate Petitioner's claims, his requests for a declaration that expedited removal does not apply to him and an order requiring DHS to place him into non-expedited proceedings are outside of the scope of relief the Court can grant under the habeas corpus statute. *See Luther v. Molina*, 627 F.2d 71, 76 (7th Cir. 1980) ("[T]he purpose of the writ is to provide a means to secure release from illegal detention."); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (observing that a writ of habeas corpus has traditionally "been accepted as the specific instrument to obtain release from unlawful confinement"). Petitioner has not alleged that he is being physically detained, and he does not request relief from any restraints on his liberty that he may be facing, which are the types of relief a habeas petition traditionally allows.[2] *Cf. Department of Homeland*

---

[2] Moreover, a writ of habeas corpus under Section 2241 is only allowed when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See Williams v. Chrans*, 894 F.2d 928, 937 (7th Cir. 1990). "Although the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian." *Samirah v. O'Connell*, 335 F.3d

*Security v. Thuraissigiam*, 591 U.S. 103, 117-18 (2020) (exploring the history of habeas corpus relief and noting that directing DHS to provide an opportunity to apply for asylum and relief from removal falls outside of the relief traditionally allowed in a habeas writ).

In support of his argument, Petitioner cites a number of cases purportedly finding jurisdiction under similar circumstances. The Court is unpersuaded by these cases, none of which are binding authority. One case cited by Petitioner involves a statutory exception that allows the District Court for the District of Columbia to determine whether certain laws, policies, and regulations pursuant to Section 1225(b) are constitutional and lawful. *See Make the Road NY v. McAleenan*, 405 F. Supp. 3d 1 (D.D.C. 2019) (applying 8 U.S.C. § 1252(e)(3)(A)). As noted in the Court's order of May 19, 2026, that exception does not apply to a petitioner who brings his claims in the Northern District of Illinois. Doc. 10 at 2-3. Nor is case law that applies Section 1252(e)(2)(B) relevant here, given that Petitioner is not challenging whether he has been ordered removed. *See Agarwal v. Lynch*, 610 F. Supp. 3d 990, 998-99 (E.D. Mich. 2022). Similarly, Petitioner's case law from the Third Circuit does not address the argument set forth here that the expedited removal cannot be applied to someone like Petitioner; it instead addresses whether that petitioner received proper notice to appear at his removal proceedings. *See Orozco-Velasquez v. Att'y Gen. U.S.*, 817 F.3d 78, 81 (3d Cir. 2016). Lastly, to the extent Petitioner attempted to invoke 8 U.S.C. § 1252(a)(2)(D) by claiming that his claim presents "a pure question of law," *see* Doc. 12 at 3, this exception only permits a *court of appeals* to "consider final orders of

---

545, 549 (7th Cir. 2003). In this case, Petitioner does not allege that he is imprisoned nor that he is subject to any other significant restraints on his liberty. *Cf. Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) (noting that a petitioner is "in custody" under Section 2241 when his parole "imposes conditions which significantly confine and restrain his freedom"). To the contrary, Petitioner has failed to appear for three CFIs, apparently without consequence. Given this, the Court is not convinced that Petitioner even is "in custody" for the purposes of obtaining habeas relief.

removal via petitions raising constitutional claims or questions of law." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) (internal quotations omitted).

**CONCLUSION**

The Court finds that Petitioner's claims fall under Section 1252(g) and no exception applies. Therefore, this Court does not have jurisdiction over this petition, and it is dismissed.

Dated: July 6, 2026

_____
APRIL M. PERRY
United States District Judge